UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

    -against-                                        3:04-CR-295
                                                                 (TJM)

**CURTIS FRANKLIN,**
                      **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

**I. INTRODUCTION**

      Defendant Curtis Franklin moves to withdraw his guilty plea in the above-captioned matter. For the reasons that follow, that motion is denied.

**II. BACKGROUND**

      Franklin was indicted on June 14, 2004, along with co-defendants Oliver McKenzie, Jamel Robinson, and Natalie Thomas, on various narcotics charges. See Indictment 04-CR-295 [dkt. # 9]. All four defendants, including Franklin, pleaded guilty. See docket #s 28, 29, 35, 63. Co-defendants McKenzie, Robinson and Thomas have already been sentenced in this case. See dkt #s 47, 80, 48.

      On October 6, 2004, Franklin entered his plea of guilty to Count 1 of the Indictment, which charged him with a narcotics conspiracy in violation of 21 U.S.C. § 846. The plea was entered pursuant to a Plea and Cooperation Agreement ("Plea Agreement") that Franklin entered into with the Government. As part of the Plea Agreement, Franklin acknowledged that:

      (1) The United States Attorney's Office "reserves the right to recommend a specific

1

sentence within the applicable Guidelines range determined by the Court." Plea Agreement, ¶ 9 (e), p.10;

(2) "The U.S. Attorney's Office reserves the right to advise the sentencing Court and the Probation Office of any information, in aggravation or mitigation of sentencing..." Id., ¶ 9 (f), p. 10;

(3) "If the U.S. Attorney's Office determines, in its sole discretion, that the Defendant has provided 'substantial assistance' in the investigation or prosecution of other persons who have committed offenses, it may, in its sole discretion, recommend a downward departure pursuant to U.S.S.G. § 5K1.1 [and/or 18 U.S.C. § 3553 (e)]. However, the U.S. Attorney's Office has not promised that such a motion will be made." Id., ¶ 9 (g), p. 11 (brackets in original);

(4) "Should the U.S. Attorney's Office decide to make a motion for downward departure, its recommendation as to the extent of such a departure is a matter within the sole discretion of the United States Attorney." Id., ¶ 9 (g)(iii), p. 12;

(5) "[T]he final decision as to how much, if any, reduction in sentence is warranted because of [] assistance rests solely with the sentencing Court." Id., ¶ 9 (g)(iv), p. 12;

(6) "The sentence to be imposed upon [him] is within the sole discretion of the sentencing Court." Id., ¶ 13, p. 15;

(7) The Court was "not bound by any recommendation, stipulation, or request made by the parties... as to the appropriate sentence, and the Defendant may not withdraw his plea of guilty if the Court declines to follow any such recommendation, stipulation, or request." Id., ¶ 13 (b), p. 16;

(8) He had read each of the provisions of the Agreement, with the assistance of his attorney, and that he understood each of those provisions. Id., ¶ 14, p. 16; and

(9) "[N]o promises, agreements or conditions have been entered into other than those set

forth in [the] Agreement." Id., ¶ 16, p. 17.

The Government advised at the time of the plea that the offense carried a ten year statutory mandatory minimum and that, depending on whether Defendant would be considered a career offender, the United States Sentencing Guideline range would be anywhere from 120 to 150 months (if Defendant was not considered a career offender) to 360 months to life (if he was considered a career offender). Trans. of Oct. 6, 2004 Plea Proceeding ("Plea Trans.") pp. 18-21. The Government further advised that it anticipated making a motion pursuant to U.S.S.G. § 5K1.1. Id.

Prior to accepting Defendant's guilty plea, the Court questioned Defendant about the Plea Agreement. See, Plea Trans. pp. 21-23. The Defendant assured the Court that he had taken the opportunity to examine the Plea Agreement with his attorney, that he fully understood the terms of the agreement, and that he was aware that the Court would not be bound by any of the terms of the agreement with regard to sentencing. Id. After conducting this examination, as well as asking Defendant numerous other questions and considering the answers given, the Court found

> that Mr. Franklin pled guilty freely and voluntarily; that he is and was competent to enter such a plea; that he understands the charges against him and the consequences of pleading guilty; that there is and was a basis in fact for the Court accepting and entering the plea.

Plea Trans., p. 25.

A sentencing date of February 3, 2005 was originally set, and the Court directed the United States Probation Department for the Northern District of New York to prepared a Pre-Sentence Investigative Report ("PSR"). See dkt. # 36. The PSR was provided to the defense and the prosecution on December 17, 2004, and no objections to the PSR were lodged. The PSR recommended, based upon Defendant's prior criminal convictions, that he be considered a career

3

offender, and calculated his United States Sentencing Guideline range (based upon his criminal history and total offense level) at 262-327 months.

Based upon a request, the sentencing date was then reset for July 13, 2005. See dkt. # 69. Defense Counsel submitted a Pre-Sentence Memorandum of Law on Defendant's behalf on July 7, 2005. Dkt. # 71.  On July 11, 2005, Defense Counsel submitted a letter to the Court advising that he had just learned that the Government would be making a motion pursuant to U.S.S.G. 5K1.1 for a departure below the applicable Sentencing Guidelines, but would *not* be making a motion pursuant to 18 U.S.C. § 3553(e) for relief from the ten year statutory mandatory minium. Dkt. # 72.  Defense Counsel requested a conference with the Court and the Government, id., and that conference was held on August 2, 2005. Dkt. # 79.  During the conference, Defense Counsel indicated that Defendant was considering a motion to withdraw his plea. Id.; see also dkt. # 81. On August 17, 2005, Defense Counsel made a request to be relieved of his appointment representing Defendant in this matter. Dkt. # 81.  That request was granted on September 2, 2005, and new counsel was appointed. Dkt. # 82.  Sentencing was re-set for October 19, 2005. Dkt. # 84.

On October 13, 2005, newly-assigned Defense Counsel filed a motion pursuant to 28 U.S.C. § 2255 indicating that Defendant wanted to withdraw his guilty plea before sentencing because the Government would not be making a motion pursuant to 18 U.S.C. § 3553(e). Dkt. # 85.  Defendant asserts that his first attorney had advised him that the attorney anticipated that the Government would make a motion pursuant to 18 U.S.C. § 3553(e). Id. Defendant further contends that because his co-defendants received motions pursuant to 18 U.S.C. § 3553(e), and because he had lesser involvement than they did within the conspiracy, he will be subjected to a disparate sentence.

### III. DISCUSSION

#### A. Section 2255

The use of 28 U.S.C. § 2255 is improper at this stage of the proceedings. Section 2255 provides, in pertinent part, that "[a] prisoner in custody *under sentence* of a court established by Act of Congress ... may move the court which imposed the sentence to vacate, set aside or correct *the sentence*." 28 U.S.C. § 2255 (emphasis added). Inasmuch as Defendant has not yet been sentenced, the Court treats his motion as a motion to withdraw his guilty plea prior to sentencing pursuant to Federal Rule of Criminal Procedure 11(d). See Fed. R. Crim. P. 11 (d).

#### B. Rule 11(d)

Federal Rule of Criminal Procedure 11 provides, in pertinent part, that "[a] defendant may withdraw a plea of guilty... after the court accepts the plea, but before it imposes sentence if... the defendant can show a fair and just reason for requesting the withdrawal." See Fed. R. Crim. P. 11 (d)(2)(B). Although "this standard implies that motions to withdraw prior to sentence should be liberally granted, a defendant who seeks to withdraw his plea bears the burden of satisfying the trial judge that there are valid grounds for withdrawal." United States v. Gonzalez, 970 F.2d 1095, 1100 (2d Cir. 1992)(internal quotation marks and citations omitted); see United States v. Couto, 311 F.3d 179, 185 (2d Cir. 2002)(When making such a motion, it is Defendant's burden to show "that there are valid grounds for withdrawal." ) (internal citation omitted).

Regarding such motions, the Second Circuit has held:

In general, to determine whether the defendant has shown a "fair and just reason" to justify withdrawal, a district court considers, *inter alia*: (1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be prejudiced by

a withdrawal of the plea.

United States v. Rosen, 406 F.3d 535, 546 (2d Cir. 2005) (quoting United States v. Schmidt, 373 F.3d 100, 102-03 (2d Cir. 2004)).  A court may also consider whether or not the defendant seeking to withdraw his plea prior to sentencing has raised "a significant question about the voluntariness of the original plea." United States v. Lopez, 385 F.3d 245, 254 (2d Cir. 2004).  "The fact that a defendant has a change of heart prompted by his reevaluation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea." Schmidt, 373 F.3d at 102 (quoting Gonzalez, 970 F.2d at 1100).

### C.  Application in this Case

In considering the relevant factors, the Court finds that none of them weigh in favor of granting the Defendant's motion to withdraw his plea.  First,  Defendant has not asserted his innocence, and has repeatedly admitted involvement in the drug conspiracy crime to which he pleaded guilty.  See Plea Trans. pp. 16-17; Pre-Sentence Investigative Report;  Def.'s Sentencing Mem.  This severely weighs against allowing the Defendant to withdraw his plea.  Second, a substantial period of time elapsed between the time the Defendant entered the plea and the first suggestion that he was considering moving to withdraw his plea.  Thus, the second factor weighs against granting Defendant's motion.  Third, the Government, in opposing this motion, has asserted that it would be prejudiced by the withdrawal of Defendant's plea because Defendant's co-conspirators have all been sentenced in full satisfaction of their co-operation agreements.  See Gov. Mem. L., docket # 87, p. 6. The Government's assertion of prejudice also weighs against granting Defendant's motion.

Additionally, Defendant has failed to establish that his plea was entered unknowingly or

involuntarily.  See Mot. (Asserting the "plea was entered under a belief that a motion under § 3553(e) would be made at sentencing.  It won't be.").   Both the terms of the Plea Agreement and the Defendant's allocution made clear that Defendant understood the decision to make a § 3553(e) motion at sentencing would be "in the sole discretion" of the U.S. Attorney's Office and that, even if such a motion were made, the Court would not be bound by the Plea Agreement to grant the motion.  The Government represented the possible sentences and the mandatory statutory minimum at the time of the plea, and indicated only a probable intention to make a Section 5K1.1 motion.  Defendant attested that, based upon discussions with his attorney,  he understood the ramifications of his plea.

A court considering a motion to withdraw a guilty plea is "entitled to rely upon the defendant's sworn statements, made in open court ..., that he understood the consequences of his plea, had discussed the plea with his attorney, knew that he could not withdraw the plea, understood that he was waiving his right to appeal a sentence below 120 months, and had been made no promises except those contained in the plea agreement." United States v. Hernandez, 242 F.3d 110, 112 (2d Cir. 2001); see also  United States v. Juncal, 245 F.3d 166, 171 (2d Cir. 2001)(A defendant's testimony at a plea allocution "carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made.") .  Here, Defendant has not established a basis upon which to conclude that the plea was anything but knowing and voluntary.

Finally, Defendant has not explicitly alleged that the Government acted in bad faith or relied on impermissible criteria in declining to make a motion pursuant to § 3553(e).  See  United States v.

Hon, 17 F.3d 21, 25 (2d Cir. 1994)("The district court's review of the government's failure to move for a downward departure is limited to whether it acted in bad faith or relied on impermissible criteria such as race or religion."). Based upon the terms of the Plea Agreement, it is unlikely that such a claim could be successful even if implicitly made in the moving papers.

As indicated above, the Government reserved the right to make a U.S.S.G. § 5K1.1 "and/or" a Section 3553(e) motion. At the plea allocution, the Government represented that it anticipated making a U.S.S.G. § 5K1.1 motion, but said nothing about a Section 3553(e) motion. Further, the Plea Agreement provides that "[s]hould the U.S. Attorney's Office decide to make a motion for downward departure, its recommendation as to the extent of such a departure is a matter within the sole discretion of the United States Attorney." Plea Agreement ¶ 9 (g)(iii), p. 12. In light of the potential U.S.S.G. range of 262-327 months, the Government might have determined that Defendant's assistance warranted a departure as low as 120 months (the statutory mandatory minimum), but no lower. Thus, the Government might have exercise it option *not* to make a § 3553(e) in order to assert its position that Defendant receive at least 120 months of incarceration based upon his crime and criminal history. Such a position, if in fact that is the Government's position, does not violate the terms of the Plea Agreement, nor is a demonstration of bad faith or improper motive.[1] Any potential disparity in sentences between the co-defendants results from Defendant's criminal history, not from anything the Government has done or refused to do.

At most, Defendant's motion seems to be "a change of heart prompted by his reevaluation of

---

[1] Inasmuch as the Government has indicated that it will make a U.S.S.G. § 5K1.1 motion, it must be presumed that the Government has determined that Defendant has provided substantial assistance. While both U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) speak in terms of "substantial assistance," the Government is not required to invoke both even if a defendant provides substantial assistance. See United States v. Hidalgo, 2000 WL 1051959, * 4 (2d Cir. July 27, 2000)(unpublished decision).

... the penalty that might be imposed." Schmidt, 373 F.3d at 102.  However, that "is not a sufficient reason to permit withdrawal of a plea."  Id.   Based upon these reasons, the Court finds that Defendant has failed to carry his burden of showing a "fair and just reason" why his motion to withdraw his plea should be granted.

## IV.  CONCLUSION

For the foregoing reasons, the Defendant's motion to withdraw his guilty plea is **DENIED**. The Court Clerk's Office shall schedule a sentencing date forthwith.

**IT IS SO ORDERED.**

DATED:December 2,2005

_____
Thomas J. McAvoy
Senior, U.S. District Judge